# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LEODIS RANDLE                                                                                                                                           PLAINTIFF

v.                                         4:19-CV-00547-SWW

ERIC HIGGINS, *et al.*,                                                                                    DEFENDANTS

## **ORDER**

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe. After carefully considering Mr. Randle's timely filed objections[1] and making a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

IT IS, THEREFORE, ORDERED that:

1.     Plaintiff's Complaint (Doc. No. 2) is DISMISSED without prejudice.

2.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of September, 2019.

                                                                                            /s/Susan Webber Wright
                                                                      UNITED STATES DISTRICT JUDGE

---

[1] Randle argues that the Court misconstrued his complaint and changed it from a "habeas corpus issue to a civil issue." ECF No. 6-1. Randle submitted his initial pleading on a form for claims under 28 U.S.C. § 2254, but his allegations and claims complained of "unlawful search and seizure" and "sexual harassment and sexual assault" by probation officers. ECF No. 2, at 8. When Randle filed the pleading initiating this case, pending before the Court in a separate case was his third petition under § 2254. *See Randle v. Kelley*, No. 4:18CV00943 SWW (E.D. Ark.). Given Randle's allegations about sexual abuse and constitutional violations by probation officers and the pending habeas action, the Court correctly construed his pleading as coming under 42 U.S.C. § 1983. By order and judgment entered September 11, 2019, the Court dismissed Randle's petition for habeas corpus relief as time-barred. *See Randle v. Kelley*, No. 4:18CV00943 SWW (ECF No. 59).